# BROMBERG LAW OFFICE, P.C.

Brian L. Bromberg (Admitted in NY, NJ & CA)                              352 Rutland Road #1
                                                                         Brooklyn, NY 11225
                                                                         Phone: (212) 248-7906
                                                                         Fax:   (212) 248-7908

March 27, 2023

<u>Via ECF</u>
Honorable Ronnie Abrams, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   <u>Elfe v. 26 Motors Corp., et al.,</u> 22-CV-9385 (RA)

Dear Judge Abrams:

My office, together with my co-counsel, Thomas R. Breeden, Esq., represents the plaintiff, Glenn C. Elfe, in the above referenced case brought against the defendants, 26 Motors Corp., Kyle Merritt, Chino Germinal Lantigua, John Doe # 3 aka Manager, Wells Fargo Bank, N.A., L.J. Marchese Chevrolet, Inc., and Michelle Bailey, under the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.*, the Equal Credit Opportunity Act, 15 U.S.C. §1691, *et seq.*, New York Pers. Prop Law §§301-16, New York General Business Law §§349 and 350, and related common law claims for fraud, breach of warranties, aiding and abetting, conspiracy and declaratory relief.

A telephonic Rule 16 Conference is scheduled before Your Honor for April 3, 2023, but Plaintiff is requesting a 60-day adjournment of the conference and an extension of 60 days from today to make service on Kyle Merritt and Chino Germinal Lantigua. Defense counsel consent to these requests.

Plaintiff is making the above requests for a number of reasons. During the Rule 26(f) Conference that the parties held this morning, my co-counsel and I learned for the first time that (a) 26 Motors Corp. is allegedly winding down its business and that it has allegedly already closed, transferred or sold its other dealership locations; and (b) that on January 13, 2023, Mr. Merritt allegedly stopped working at the dealership where Plaintiff bought the automobile in the transaction that gave rise to this litigation. H. Nicholas Goodman, Esq. claims that service on Mr. Merritt was not made, because he had already stopped working at the dealership when service was made. Mr. Goodman also now claims that Mr. Merritt is no longer returning his phone calls. Finally, Mr. Goodman advised for the first time that he had a home address for Mr. Merritt and that he also had a prior home address for Mr. Lantigua (who has moved to Florida). Mr. Goodman provided both of these addresses.

Plaintiff now has the task of making service at Mr. Merritt's home address and of skip-tracing Mr. Lantigua's location in Florida based on his last-known home address in New York. Plaintiff also has to amend the complaint again to name four additional companies that used the name 26 Motors, as well as the three owners of the five companies: Moshe Pourad, Yosef Ayzencot, and Aharon Benhamo. Plaintiff obtained this information from the complaint filed in a Fair Labor Standards Act case that has only been pending in this district since January 12, 2023. *See Guzman v. 26 Motors Corp., et al.*, SDNY Case No. 23-CV-283.

Finally, I have just reviewed the docket and I note that Defendants 26 Motors Corp., L.J. Marchese Chevrolet, Inc., and Michelle Bailey are all in default in answering not only the Amended Complaint, but also the cross-claims asserted by Defendant Wells Fargo Bank, N.A. I am going to email Mr. Goodman tonight to remind him to file an answer on behalf of his clients. If he does not file an answer by Friday, March 31, 2023, I am going to request entry of a Clerk's Default.

Respectfully,

/s/ *Brian L. Bromberg*
Brian L. Bromberg

cc:     All Counsel of Record (Via ECF)