UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
GLENN C. ELFE,

                                    **Plaintiff,**

   - against -

**26 MOTORS CORP., KYLE MERRITT,
CHINO GERMINAL LANTIGUA,
JOHN DOE #3 a/k/a MANAGER, WELLS
FARGO BANK, N.A., L.J. MARCHESE
CHEVROLET, INC., and MICHELLE BAILEY,**

                                    **Defendants.**
-----------------------------------------------------------------------X

Case No. 22-CV-9385 (RA)

ANSWER

Defendant 26 MOTORS CORP., ("26 Motors"), by its attorneys, Nicholas Goodman & Associates, PLLC, Answers the First Amended Complaint (Plaintiff's "Complaint") filed by Plaintiff GLENN C. ELFE ("Plaintiff"), upon information and belief, as follows:

### Answering Preliminary Statement

1. The allegations set forth in Paragraph "1" of Plaintiff's Complaint state the nature and legal basis of the relief sought and do not require a response. To the extent a response may be required, 26 Motors denies that Plaintiff is entitled to any relief in this action.

### Answering Parties

2. 26 Motors denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "2" of Plaintiff's Complaint.

3. Admits.

4. Admits.

5. The allegations set forth in Paragraph "5" of Plaintiff's Complaint state a conclusion of law that does not require a response except that 26 Motors refers all matters of law to the Court.

6. 26 Motors denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "6" of Plaintiff's Complaint.

7. 26 Motors denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "7" of Plaintiff's Complaint.

8. The allegations set forth in Paragraph "8" of Plaintiff's Complaint state a conclusion of law that does not require a response except that 26 Motors refers all matters of law to the Court.

9. The allegations set forth in Paragraph "9" of Plaintiff's Complaint state a conclusion of law that does not require a response except that 26 Motors refers all matters of law to the Court.

10. 26 Motors denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "10" of Plaintiff's Complaint.

11. 26 Motors denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "11" of Plaintiff's Complaint.

12. 26 Motors denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "12" of Plaintiff's Complaint.

13. 26 Motors denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "13" of Plaintiff's Complaint.

14. The allegations set forth in Paragraph "14" of Plaintiff's Complaint state a conclusion of law that does not require a response except that 26 Motors refers all matters of law to the Court.

15. Denies.

16. Denies.

17. 26 Motors admits only that Germinal Lantingua was once employed by 26 Motors and is no longer and otherwise denies the allegations set forth in Paragraph "17" of Plaintiff's Complaint.

18. Denies.

19. Denies.

20. Denies.

21. 26 Motors denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "21" of Plaintiff's Complaint.

22. The allegations set forth in Paragraph "22" of Plaintiff's Complaint state a conclusion of law that does not require a response except that 26 Motors refers all matters of law to the Court. To the extent a response is required, 26 Motors denies those allegations.

### Answering Jurisdiction and Venue

23. The allegations set forth in Paragraph "23" of Plaintiff's Complaint state a conclusion of law that does not require a response.

24. The allegations set forth in Paragraph "24" of Plaintiff's Complaint state a conclusion of law that does not require a response.

25. Admits.

26. The allegations set forth in Paragraph "26" of Plaintiff's Complaint state a conclusion of law that does not require a response, except that 26 Motors denies knowledge and information sufficient to form a belief as to whether Kyle Merrit and Germinal Lantigua currently transact business in the State of New York.

27. 26 Motors denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "27" of Plaintiff's Complaint.

28. Admits.

29. Admits.

**Answering Facts**

30. 26 Motors denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "30" of Plaintiff's Complaint.

31. 26 Motors denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "31" of Plaintiff's Complaint.

32. 26 Motors denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "32" of Plaintiff's Complaint.

33. 26 Motors denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "33" of Plaintiff's Complaint.

34. Denies.

35. Denies.

36. Denies.

37. 26 Motors denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "37" of Plaintiff's Complaint.

38. 26 Motors denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "38" of Plaintiff's Complaint.

39. Denies.

40. Admits that Plaintiff was at the 26 Motors dealership at 3981 Boston Road, Bronx, New York, on August 25, 2021, but otherwise denies the allegations set forth in Paragraph "40" of Plaintiff's Complaint.

41. Denies.

42. Denies.

43. Denies.

44. Admits only that Merritt handled financing of the transaction with Plaintiff and otherwise denies the allegations set forth in Paragraph "44" of Plaintiff's Complaint.

45. Admits.

46. Denies.

47. Denies, except admits that Exhibit "1" to Plaintiff's Complaint appears to be a copy of a receipt issued by 26 Motors.

48. The allegations set forth in Paragraph "48" of Plaintiff's Complaint state a conclusion of law that does not require a response.

49. Denies.

50. Denies.

51. Denies.

52. Denies.

53. Denies.

54. Denies.

55. Denies.

56. 26 Motors denies having knowledge and information sufficient to form a belief as to Plaintiff's assumption alleged in Paragraph "56" of Plaintiff's Complaint but denies the paperwork "swap" alleged in the Complaint's subsequent Paragraphs.

57. Denies.

58. Denies.

59. Denies.

60. 26 Motors denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "60" of Plaintiff's Complaint.

61. Denies.

62. Denies.

63. Denies.

64. 26 Motors denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "64" of Plaintiff's Complaint.

65. Admits only that the amount of sales tax stated on the "Retail Vehicle Invoice" is $6,261.51.

66. 26 Motors denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "66" of Plaintiff's Complaint.

67. 26 Motors denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "67" of Plaintiff's Complaint.

68. 26 Motors denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "68" of Plaintiff's Complaint.

69. Denies.

70. Denies.

71. 26 Motors denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "71" of Plaintiff's Complaint.

72. 26 Motors denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "72" of Plaintiff's Complaint except admits that Exhibit "5" annexed to Plaintiff's Complaint appears to be a copy of a text message with the words alleged.

73. Denies.

74. Denies.

75. Denies.

76. 26 Motors denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "76" of Plaintiff's Complaint.

77. Denies.

78. Denies.

79. Denies.

80. Denies.

81. Admits.

82. Admits.

83. Admits.

84. Denies.

85. Denies.

86. Denies.

87. Denies.

88. 26 Motors denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "88" of Plaintiff's Complaint.

89. Denies.

90. Denies.

91. The allegations set forth in Paragraph "91" of Plaintiff's Complaint state a conclusion of law that does not require a response and refers all matters of law to the Court, except that 26 Motors denies that it committed an "unlawful criminal act."

92. Paragraph "92" of Plaintiff's Complaint is a statement that does not require a response.

93. The allegations set forth in Paragraph "93" of Plaintiff's Complaint state a conclusion of law that does not require a response.

94. The allegations set forth in Paragraph "94" of Plaintiff's Complaint state a conclusion of law that does not require a response except that 26 Motors denies that the Regulations cited allow Plaintiff a private right of action for any alleged violation thereunder.

95. Denies.

96. The allegations set forth in Paragraph "96" of Plaintiff's Complaint state a conclusion of law that does not require a response except that 26 Motors denies that the Regulations cited allow Plaintiff a private right of action for any alleged violation thereunder.

97. The allegations set forth in Paragraph "97" of Plaintiff's Complaint state a conclusion of law that does not require a response.

98. Admits.

99. The allegations set forth in Paragraph "99" of Plaintiff's Complaint state a conclusion of law that does not require a response.

100. 26 Motors denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "100" of Plaintiff's Complaint.

101. The allegations set forth in Paragraph "101" of Plaintiff's Complaint state a conclusion of law that does not require a response.

102. 26 Motors denies having engaged in any "fraudulent-and-deceptive conduct" and that there exist any victims of same as alleged in Paragraph "102" of Plaintiff's Complaint.

103. Denies.

104. 26 Motors denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "104" of Plaintiff's Complaint.

105. Denies.

106. Admits.

107. The allegations set forth in Paragraph "107" of Plaintiff's Complaint state a conclusion of law that does not require a response.

108. Denies.

109. Denies.

110. 26 Motors denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "110" of Plaintiff's Complaint.

### Answering Count I

111. 26 Motors repeats and realleges each and every response to Paragraphs "1" through "110" of Plaintiff's Complaint with the same force and effect as though fully set forth again herein.

112. Denies.

113. 26 Motors denies that it was obligated to provide an adverse action notice as alleged in Paragraph "113" of Plaintiff's Complaint and otherwise denies the allegations of this Paragraph.

114. Denies.

115. Denies.

### Answering Count II

116. 26 Motors repeats and realleges each and every response to Paragraphs "1" through "115" of Plaintiff's Complaint with the same force and effect as though fully set forth again herein.

117. Denies.

118. 26 Motors denies that it was obligated to provide an adverse action notice as alleged in Paragraph "118" of Plaintiff's Complaint.

119. Denies.

### Answering Count III

120. 26 Motors repeats and realleges each and every response to Paragraphs "1" through "119" of Plaintiff's Complaint with the same force and effect as though fully set forth again herein.

121. The allegations set forth in Paragraph "121" of Plaintiff's Complaint state a conclusion of law that does not require a response.

122. The allegations set forth in Paragraph "122" of Plaintiff's Complaint state a conclusion of law that does not require a response.

123. The allegations set forth in Paragraph "123" of Plaintiff's Complaint state a conclusion of law that does not require a response.

124. Denies.

125. Denies.

126. The allegations set forth in Paragraph "126" of Plaintiff's Complaint state a conclusion of law that does not require a response.

127. Denies.

128. Denies.

129. 26 Motors denies any violations of MVRISA as alleged in Plaintiff's Complaint and accordingly denies the allegations contained in Paragraph "129" of Plaintiff's Complaint.

130. Denies.

131. Denies.

132. Denies.

### Answering Count IV

133. 26 Motors repeats and realleges each and every response to Paragraphs "1" through "132" of Plaintiff's Complaint with the same force and effect as though fully set forth again herein.

134. Denies.

135. Denies.

136. Denies.

137. The allegations set forth in Paragraph "137" of Plaintiff's Complaint state a conclusion of law that does not require a response.

138. 26 Motors denies that it engaged in any fraudulent actions and otherwise denies the allegations set forth in Paragraph "138" of Plaintiff's Complaint.

139. 26 Motors denies that it engaged in any fraudulent actions and otherwise denies the allegations set forth in Paragraph "139" of Plaintiff's Complaint.

140. Denies.

141. Denies.

142. 26 Motors denies that any representations Plaintiff relied upon in deciding to purchase the aforementioned automobile were not false and otherwise denies having knowledge and information sufficient to for a belief as to the allegations set forth in Paragraph "142" of Plaintiff's Complaint.

143. Denies.

144. Denies.

### Answering Count V

145. 26 Motors repeats and realleges each and every response to Paragraphs "1" through "144" of Plaintiff's Complaint with the same force and effect as though fully set forth again herein.

146. Denies.

### Answering Count VI

147. 26 Motors repeats and realleges each and every response to Paragraphs "1" through "146" of Plaintiff's Complaint with the same force and effect as though fully set forth again herein.

148. The allegations set forth in Paragraph "148" of Plaintiff's Complaint state a conclusion of law that does not require a response.

149. The allegations set forth in Paragraph "149" of Plaintiff's Complaint state a conclusion of law that does not require a response.

150. The allegations set forth in Paragraph "150" of Plaintiff's Complaint state a conclusion of law that does not require a response.

151. The allegations set forth in Paragraph "151" of Plaintiff's Complaint state a conclusion of law that does not require a response.

152. The allegations set forth in Paragraph "152" of Plaintiff's Complaint state a conclusion of law that does not require a response.

153. Denies.

154. Denies.

155. Denies.

156. Denies.

157. Denies.

## Answering Count VII

158. 26 Motors repeats and realleges each and every response to Paragraphs "1" through "157" of Plaintiff's Complaint with the same force and effect as though fully set forth again herein.

159. The allegations set forth in Paragraph "159" of Plaintiff's Complaint state a conclusion of law that does not require a response.

160. The allegations set forth in Paragraph "160" of Plaintiff's Complaint state a conclusion of law that does not require a response except that 26 Motors denies having committed any deceptive acts and practices.

161. The allegations set forth in Paragraph "161" of Plaintiff's Complaint state a conclusion of law that does not require a response except that 26 Motors denies having committed any deceptive acts and practices.

162. Denies.

163. Denies.

164. Denies.

165. Denies.

166. Denies.

167. Denies.

168. Denies.

169. Paragraph "169" of Plaintiff's Complaint is a statement of Plaintiff's claim that does not require a response except 26 Motors denies that Plaintiff is entitled to any damages as alleged.

170. Denies.

171. Denies.

**Answering Count VIII**

172. 26 Motors repeats and realleges each and every response to Paragraphs "1" through "171" of Plaintiff's Complaint with the same force and effect as though fully set forth again herein.

173. The allegations set forth in Paragraph "173" of Plaintiff's Complaint state a conclusion of law that does not require a response.

174. Denies.

175. Denies.

176. Denies.

177. Denies.

178. Denies.

## Answering Count IX

179. 26 Motors repeats and realleges each and every response to Paragraphs "1" through "178" of Plaintiff's Complaint with the same force and effect as though fully set forth again herein

180. Denies.

181. Denies.

182. Denies.

183. Denies.

184. Denies.

185. Denies.

## Answering Plaintiff's Second Count IX

186. 26 Motors repeats and realleges each and every response to Paragraphs "1" through "185" of Plaintiff's Complaint with the same force and effect as though fully set forth again herein.

187. Denies.

188. Denies.

189. Denies.

190. Denies.

191. Denies.

192. Denies.

193. Denies.

**GENERAL DENIAL**

194. 26 Motors denies each and every allegation contained in Plaintiff's Complaint that is not expressly admitted and further denies that Plaintiff is entitled to any relief or recovery whatsoever in this action.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

195. Plaintiff's Complaint fails to state a cause of action as against 26 Motors upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

196. Plaintiff's causes of action, particularly those related to Defendants' alleged fraud, are barred insofar as they are not pleaded with the requisite particularity.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

197. Plaintiff's causes of action are barred by the doctrines of ratification, unclean hands, and/or consent.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

198. Plaintiff's causes of action are barred by the doctrines of *res judicata*, collateral estoppel, waiver, estoppel, and/or laches.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

199. To the extent that Plaintiff suffered any damages as alleged, which 26 Motors denies, Plaintiff failed to mitigate his damages.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

200. 26 Motors hereby incorporates by reference the affirmative defenses set forth in Federal Rule of Civil Procedure 8.

## **AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

201. Plaintiff has no private right of action against Defendants under the New York Department of Motor Vehicles "Motor Vehicle Dealers and Transporters Regulations."

## **AS AND FOR AN EIGTH AFFIRMATIVE DEFENSE**

202. Plaintiff's claims are barred by the Statute of Frauds.

## **RESERVATION OF RIGHTS**

203. 26 Motors expressly reserves the right to amend and/or supplement its answer, defenses, and all other pleadings. 26 Motors raises each and every defense (at law, in equity, or otherwise) available under any and all federal and state statutes, laws, rules, regulations, or other creations, including common law. 26 Motors has insufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses available to it and therefore reserves the right to assert such additional defenses based upon subsequently acquired knowledge or information that becomes available through discovery or otherwise.

## **DEMAND FOR JURY TRIAL**

204. 26 Motors hereby demands a jury trial of this action.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**WHEREFORE,** 26 Motors requests that this Court enter an Order denying all relief sought by Plaintiff in his First Amended Complaint and rendering judgment in favor of 26 Motors dismissing Plaintiff's First Amended Complaint in its entirety, together with the costs and disbursements of this action, including reasonable attorneys' fees, and all other costs herein, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
       April 3, 2023

                                Yours, etc.
                                NICHOLAS GOODMAN & ASSOCIATES, PLLC

BY: _____
                                H. Nicholas Goodman
                                *Attorneys for Defendants*
                                26 MOTORS CORP., L.J. MARCHESE
                                and MICHELLE BAILEY
                                333 Park Avenue South, Suite 3A
                                New York, New York 10010
                                (212) 227-9003
                                ngoodman@ngoodmanlaw.com

TO:    <u>**Via ECF**</u>
         Brian L. Bromberg
         *Attorney for Plaintiff*
         BROMBERG LAW OFFICE, P.C.
         352 Rutland Road
         Brooklyn, NY 11225