**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X
**GLENN C. ELFE,**

                            **Plaintiff,**

   - against -

**Marchese CORP., KYLE MERRITT,**
**CHINO GERMINAL LANTIGUA,**
**JOHN DOE #3 a/k/a MANAGER, WELLS**
**FARGO BANK, N.A., L.J. MARCHESE**
**CHEVROLET, INC., and MICHELLE BAILEY,**

                            **Defendants.**
-----------------------------------------------------------------------X

Case No. 22-CV-9385 (RA)

**ANSWER TO AMENDED**
**COMPLAINT**

      Defendants L.J. MARCHESE CHEVROLET, INC. and MICHELLE BAILEY (collectively hereinafter "Marchese"), by their attorneys, Nicholas Goodman & Associates, PLLC, Answer the First Amended Complaint (the "Complaint") filed by Plaintiff GLENN C. ELFE ("Plaintiff"), upon information and belief, as follows:

### Answering Preliminary Statement

1.    The allegations set forth in Paragraph "1" of Plaintiff's Complaint state the nature and legal basis of the relief sought and do not require a response. To the extent a response may be required, Marchese denies that Plaintiff is entitled to any relief in this action.

### Answering Parties

2.    Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "2" of Plaintiff's Complaint.

3.    Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "3" of Plaintiff's Complaint.

4. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "4" of Plaintiff's Complaint.

5. The allegations set forth in Paragraph "5" of Plaintiff's Complaint state a conclusion of law that does not require a response except that Marchese refers all matters of law to the Court.

6. Admits.

7. Admits.

8. The allegations set forth in Paragraph "8" of Plaintiff's Complaint state a conclusion of law that does not require a response except that Marchese refers all matters of law to the Court.

9. The allegations set forth in Paragraph "9" of Plaintiff's Complaint state a conclusion of law that does not require a response except that Marchese refers all matters of law to the Court.

10. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "10" of Plaintiff's Complaint.

11. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "11" of Plaintiff's Complaint.

12. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "12" of Plaintiff's Complaint.

13. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "13" of Plaintiff's Complaint.

14. The allegations set forth in Paragraph "14" of Plaintiff's Complaint state a conclusion of law that does not require a response except that Marchese refers all matters of law to the Court.

15. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "15" of Plaintiff's Complaint.

16. Denies.

17. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "17" of Plaintiff's Complaint.

18. Denies.

19. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "19" of Plaintiff's Complaint.

20. Denies.

21. Admits.

22. Denies.

## Answering Jurisdiction and Venue

23. The allegations set forth in Paragraph "23" of Plaintiff's Complaint state a conclusion of law that does not require a response.

24. The allegations set forth in Paragraph "24" of Plaintiff's Complaint state a conclusion of law that does not require a response.

25. Admits.

26. The allegations set forth in Paragraph "26" of Plaintiff's Complaint state a conclusion of law that does not require a response, except that Marchese denies knowledge and information sufficient to form a belief as to whether Kyle Merrit, Germinal Lantigua and "Manager" currently transact business in the State of New York.

27. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "27" of Plaintiff's Complaint.

28. Admits.

29. Admits.

**Answering Facts**

30. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "30" of Plaintiff's Complaint.

31. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "31" of Plaintiff's Complaint.

32. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "32" of Plaintiff's Complaint.

33. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "33" of Plaintiff's Complaint.

34. Denies.

35. Denies.

36. Denies.

37. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "37" of Plaintiff's Complaint.

38. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "38" of Plaintiff's Complaint.

39. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "39" of Plaintiff's Complaint.

40. Admits that Plaintiff was at the 26 Motors dealership at 3981 Boston Road, Bronx, New York, on August 25, 2021, but otherwise denies the allegations set forth in Paragraph "40" of Plaintiff's Complaint.

41. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "41" of Plaintiff's Complaint.

42. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "42" of Plaintiff's Complaint.

43. Denies.

44. Admits only that Merritt handled financing of the transaction with Plaintiff and otherwise denies the allegations set forth in Paragraph "44" of Plaintiff's Complaint.

45. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "45" of Plaintiff's Complaint.

46. Denies.

47. Denies, except admits that Exhibit "1" to Plaintiff's Complaint appears to be a copy of a receipt issued by 26 Motors.

48. The allegations set forth in Paragraph "48" of Plaintiff's Complaint state a conclusion of law that does not require a response.

49. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "49" of Plaintiff's Complaint.

50. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "50" of Plaintiff's Complaint.

51. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "51" of Plaintiff's Complaint.

52. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "52" of Plaintiff's Complaint.

53. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "53" of Plaintiff's Complaint.

54. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "54" of Plaintiff's Complaint.

55. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "55" of Plaintiff's Complaint.

56. Marchese denies having knowledge and information sufficient to form a belief as to Plaintiff's assumption alleged in Paragraph "56" of Plaintiff's Complaint but denies the paperwork "swap" alleged in the Complaint's subsequent Paragraphs.

57. Denies.

58. Denies.

59. Denies.

60. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "60" of Plaintiff's Complaint.

61. Denies.

62. Denies.

63. Denies.

64. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "64" of Plaintiff's Complaint.

65. Admits only that the amount of sales tax stated on the "Retail Vehicle Invoice" is $6,261.51.

66. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "66" of Plaintiff's Complaint.

67. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "67" of Plaintiff's Complaint.

68. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "68" of Plaintiff's Complaint, except denies any "swap" of paperwork.

69. Denies.

70. Denies.

71. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "71" of Plaintiff's Complaint.

72. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "72" of Plaintiff's Complaint except admits that Exhibit "5" annexed to Plaintiff's Complaint appears to be a copy of a text message with the words alleged.

73. Denies.

74. Denies.

75. As to the allegations set forth in Paragraph "75" of Plaintiff's Complaint, Marchese denies having had any direct communication with Plaintiff but admits to having provided Plaintiff with an extension of credit on terms more favorable to Plaintiff had Marchese not done so.

76. As to the allegations set forth in Paragraph "76" of Plaintiff's Complaint, Marchese admits only that as part of the transaction at issue, title to the Vehicle was transferred from 26 Motors to Marchese in order to provide Plaintiff with more advantageous financing terms than he would otherwise have obtained for the Vehicle he sought to purchase.

77. As to the allegations set forth in Paragraph "77" of Plaintiff's Complaint, Marchese admits only that Plaintiff was able to utilize financing companies available to Marchese to allow him to purchase his chosen vehicle on advantageous financing terms.

78. Denies.

79. Denies.

80. Denies.

81. Marchese denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "81" of Plaintiff's Complaint.

82. Admits.

83. Admits.

84. Denies.

85. Denies.

86. Denies.

87. Denies.

88. Denies.

89. Denies.

90. Denies.

91. The allegations set forth in Paragraph "91" of Plaintiff's Complaint state a conclusion of law that does not require a response and Marchese refers all matters of law to the Court, except that Marchese denies that it committed any "unlawful criminal act."

92. Paragraph "92" of Plaintiff's Complaint is a statement that does not require a response.

93. The allegations set forth in Paragraph "93" of Plaintiff's Complaint state a recitation or conclusion of law that does not require a response.

94. The allegations set forth in Paragraph "94" of Plaintiff's Complaint state a conclusion of law that does not require a response except that Marchese denies any violation of the Regulations cited and further denies that the Regulations cited allow Plaintiff a private right of action for any alleged violation thereunder.

95. Denies.

96. The allegations set forth in Paragraph "96" of Plaintiff's Complaint state a conclusion of law that does not require a response except that Marchese denies that the Regulations cited allow Plaintiff a private right of action for any alleged violation thereunder.

97. The allegations set forth in Paragraph "97" of Plaintiff's Complaint state a conclusion of law that does not require a response.

98. Marchese admits that it sells cars and provides financing to consumers, and admits that historically 26 Motors sold cars, and otherwise denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "98" of Plaintiff's Complaint.

99. Admits.

100. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "100" of Plaintiff's Complaint.

101. The allegations set forth in Paragraph "101" of Plaintiff's Complaint state a conclusion of law that does not require a response.

102. Marchese denies having engaged in any "fraudulent-and-deceptive conduct" and that there exist any victims of same as alleged in Paragraph "102" of Plaintiff's Complaint.

103. Denies.

104. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "104" of Plaintiff's Complaint.

105. Denies.

106. Admits.

107. The allegations set forth in Paragraph "107" of Plaintiff's Complaint state a conclusion of law that does not require a response.

108. Denies.

109. Denies.

110. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "110" of Plaintiff's Complaint.

## Answering Count I

111. Marchese repeats and realleges each and every response to Paragraphs "1" through "110" of Plaintiff's Complaint with the same force and effect as though fully set forth again herein.

112. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "112" of Plaintiff's Complaint.

113. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "113" of Plaintiff's Complaint.

114. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "114" of Plaintiff's Complaint.

115. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "115" of Plaintiff's Complaint.

## Answering Count II

116. Marchese repeats and realleges each and every response to Paragraphs "1" through "115" of Plaintiff's Complaint with the same force and effect as though fully set forth again herein.

117. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "117" of Plaintiff's Complaint.

118. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "118" of Plaintiff's Complaint.

119. Marchese denies having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "119" of Plaintiff's Complaint.

**Answering Count III**

120. Marchese repeats and realleges each and every response to Paragraphs "1" through "119" of Plaintiff's Complaint with the same force and effect as though fully set forth again herein.

121. The allegations set forth in Paragraph "121" of Plaintiff's Complaint state a conclusion of law that does not require a response.

122. The allegations set forth in Paragraph "122" of Plaintiff's Complaint state a conclusion of law that does not require a response.

123. The allegations set forth in Paragraph "123" of Plaintiff's Complaint state a conclusion of law that does not require a response.

124. Denies.

125. Denies.

126. The allegations set forth in Paragraph "126" of Plaintiff's Complaint state a conclusion of law that does not require a response.

127. Denies.

128. Denies.

129. Marchese denies any violations of MVRISA as alleged in Plaintiff's Complaint and accordingly denies the allegations contained in Paragraph "129" of Plaintiff's Complaint.

130. Denies.

131. Denies.

132. Denies.

**Answering Count IV**

133. Marchese repeats and realleges each and every response to Paragraphs "1" through "132" of Plaintiff's Complaint with the same force and effect as though fully set forth again herein.

134. Denies.

135. Denies.

136. Denies.

137. Denies, except refers all matters of law contained therein to the Court.

138. Marchese denies that 26 Motors engaged in any fraudulent actions and accordingly denies that it ratified any such actions as alleged in Paragraph "138" of Plaintiff's Complaint.

139. Marchese denies that 26 Motors engaged in any fraudulent actions and accordingly denies that Bailey ratified any such actions as alleged in Paragraph "139" of Plaintiff's Complaint.

140. Denies.

141. Denies.

142. Marchese denies that any representations Plaintiff relied upon in deciding to purchase the automobile in question were false and otherwise denies the allegations set forth in Paragraph "142" of Plaintiff's Complaint.

143. Denies.

144. Denies.

### Answering Count V

145. Marchese repeats and realleges each and every response to Paragraphs "1" through "144" of Plaintiff's Complaint with the same force and effect as though fully set forth again herein.

146. Denies.

### Answering Count VI

147. Marchese repeats and realleges each and every response to Paragraphs "1" through "146" of Plaintiff's Complaint with the same force and effect as though fully set forth again herein.

148. The allegations set forth in Paragraph "148" of Plaintiff's Complaint state a conclusion of law that does not require a response.

149. The allegations set forth in Paragraph "149" of Plaintiff's Complaint state a conclusion of law that does not require a response.

150. The allegations set forth in Paragraph "150" of Plaintiff's Complaint state a conclusion of law that does not require a response.

151. The allegations set forth in Paragraph "151" of Plaintiff's Complaint state a conclusion of law that does not require a response.

152. The allegations set forth in Paragraph "152" of Plaintiff's Complaint state a conclusion of law that does not require a response.

153. Denies.

154. Denies.

155. Denies.

156. Denies.

157. Denies.

## Answering Count VII

158. Marchese repeats and realleges each and every response to Paragraphs "1" through "157" of Plaintiff's Complaint with the same force and effect as though fully set forth again herein.

159. The allegations set forth in Paragraph "159" of Plaintiff's Complaint state a conclusion of law that does not require a response.

160. The allegations set forth in Paragraph "160" of Plaintiff's Complaint state a conclusion of law that does not require a response except that Marchese denies having committed any deceptive acts and practices.

161. The allegations set forth in Paragraph "161" of Plaintiff's Complaint state a conclusion of law that does not require a response except that Marchese denies having committed any deceptive acts and practices.

162. Denies.

163. Denies.

164. Denies.

165. Denies.

166. Denies.

167. Denies.

168. Denies.

169. Paragraph "169" of Plaintiff's Complaint is a statement of Plaintiff's claim that does not require a response except Marchese denies that Plaintiff is entitled to any damages as alleged.

170. Denies.

171. Denies.

## Answering Count VIII

172. Marchese repeats and realleges each and every response to Paragraphs "1" through "171" of Plaintiff's Complaint with the same force and effect as though fully set forth again herein.

173. The allegations set forth in Paragraph "173" of Plaintiff's Complaint state a conclusion of law that does not require a response.

174. Denies.

175. Denies.

176. Denies.

177. Denies.

178. Denies.

## Answering Count IX

179. Marchese repeats and realleges each and every response to Paragraphs "1" through "178" of Plaintiff's Complaint with the same force and effect as though fully set forth again herein

180. Denies.

181. Denies.

182. Denies.

183. Denies.

184. Denies.

185. Denies.

## Answering Plaintiff's Second Count IX

186. Marchese repeats and realleges each and every response to Paragraphs "1" through "185" of Plaintiff's Complaint with the same force and effect as though fully set forth again herein.

187. Denies.

188. Denies.

189. Denies.

190. Denies.

191. Denies.

192. Denies.

193. Denies.

**GENERAL DENIAL**

194. Marchese denies each and every allegation contained in Plaintiff's Complaint that is not expressly admitted and further denies that Plaintiff is entitled to any relief or recovery whatsoever in this action.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

195. Plaintiff's Complaint fails to state a cause of action as against Marchese upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

196. Plaintiff's causes of action, particularly those related to Defendants' alleged fraud, are barred insofar as they are not pleaded with the requisite particularity.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

197. Plaintiff's causes of action are barred by the doctrines of ratification, unclean hands, and/or consent.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

198. Plaintiff's causes of action are barred by the doctrines of *res judicata*, collateral estoppel, waiver, estoppel, and/or laches.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

199. To the extent that Plaintiff suffered any damages as alleged, which Marchese denies, Plaintiff failed to mitigate his damages.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

200. Marchese hereby incorporates by reference the affirmative defenses set forth in Federal Rule of Civil Procedure 8.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

201. Plaintiff has no private right of action against Defendants under the New York Department of Motor Vehicles "Motor Vehicle Dealers and Transporters Regulations."

### AS AND FOR AN EIGTH AFFIRMATIVE DEFENSE

202. Plaintiff's claims are barred by the Statute of Frauds.

### RESERVATION OF RIGHTS

203. Marchese expressly reserves the right to amend and/or supplement its answer, defenses, and all other pleadings. Marchese raises each and every defense (at law, in equity, or otherwise) available under any and all federal and state statutes, laws, rules, regulations, or other creations, including common law. Marchese has insufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses available to it and therefore reserves the right to assert such additional defenses based upon subsequently acquired knowledge or information that becomes available through discovery or otherwise.

### DEMAND FOR JURY TRIAL

204. Marchese hereby demands a jury trial of this action.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**WHEREFORE,** Marchese requests that this Court enter an Order denying all relief sought by Plaintiff in his First Amended Complaint and rendering judgment in favor of Marchese dismissing Plaintiff's First Amended Complaint in its entirety, together with the costs and disbursements of this action, including reasonable attorneys' fees, and all other costs herein, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
April 17, 2023

        Yours, etc.
        NICHOLAS GOODMAN & ASSOCIATES, PLLC

BY: _____
        H. Nicholas Goodman
        *Attorneys for Defendants*
        26 MOTORS CORP., L.J. MARCHESE
        CHEVROLET, INC., and MICHELLE BAILEY
        333 Park Avenue South, Suite 3A
        New York, New York 10010
        (212) 227-9003
        ngoodman@ngoodmanlaw.com

TO: **Via ECF**
     Brian L. Bromberg
     BROMBERG LAW OFFICE, P.C.
     *Attorney for Plaintiff*
     GLENN C. ELFE
     352 Rutland Road
     Brooklyn, NY 11225