UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GLENN C. ELFE,

                                                                            Case No. 22-CV-9385 (RA)

                    **Plaintiff,**

  - against -                                                                             **ANSWER**

**26 MOTORS CORP., KYLE MERRITT,
CHINO GERMINAL LANTIGUA,
JOHN DOE #3 a/k/a MANAGER, WELLS
FARGO BANK, N.A., L.J. MARCHESE
CHEVROLET, INC., MICHELLE BAILEY,
26 MOTORS QUEENS INC d/b/a 26 MOTORS,
26 MOTORS JAMAICA INC. d/b/a 26 MOTORS,
26 MOTORS LONG ISLAND LLC d/b/a 26
MOTORS, 26 MOTORS OF FRANKLIN
SQUARE LLC d/b/a 26 MOTORS, MOSHE
POURAD, YOSEF AYUZENCOT, and AHARON
BENHAMO**

                                        **Defendants.**
-------------------------------------------------------------------X

       Defendants **26 MOTORS CORP. ("26 Motors"), KYLE MERRITT ("Merritt"), 26 MOTORS QUEENS INC. ("26 Queens"), 26 MOTORS JAMAICA INC. ("26 Jamaica"), 26 MOTORS LONG ISLAND LLC ("26 Long Island"), MOSHE POURAD ("Pourad"), and YOSEF AYZENCOT ("Ayzencot")** (collectively hereinafter and for purposes of this Answer only the "Defendants"), by their attorneys, Nicholas Goodman & Associates, PLLC, Answer the Second Amended Complaint (the "Complaint") filed by Plaintiff **GLENN C. ELFE** ("Plaintiff"), upon information and belief, as follows:

### Answering Introduction

      1.    The allegations set forth in Paragraph "1" of Plaintiff's Complaint state the nature and legal basis of the relief sought and do not require a response. To the extent a response may be required, the Answering Defendants deny that Plaintiff is entitled to any relief in this action.

**Answering Parties**

2. The Answering Defendants deny having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "2" of Plaintiff's Complaint.

3. Admit only that at certain times relevant herein, 26 Motors Corp. operated a motor vehicle dealership at 3981 Boston Road, Bronx, N.Y., but no longer do so.

4. Admit.

5. The allegations set forth in Paragraph "5" of Plaintiff's Complaint state a conclusion of law that does not require a response except that the Defendants refer all matters of law to the Court.

6. Defendants admit only that 26 Motors Jamaica, Inc. is an inactive domestic business corporation that never conducted business within or without the State of New York with a stated address for service of process located at 181-07 Jamaica Avenue, Hollis, New York, and otherwise denies the allegations set forth in Paragraph "6" of Plaintiff's Complaint.

7. Defendants admit only that 26 Motors Queens Inc. is a domestic business corporation with an address for service of process located at 7212 Queens Blvd., Woodside, New York, and otherwise denies the allegations set forth in Paragraph "7" of Plaintiff's Complaint.

8. Defendants admit only that 26 Motors Long Island LLC is an inactive domestic limited liability company that never conducted business within or without the State of New York, with a stated address for service of process located at 797 Hempstead Tpke, Franklin Square, New York, and otherwise denies the allegations set forth in Paragraph "8" of Plaintiff's Complaint.

9. 26 Motors Franklin Square LLC d/b/a 26 Motors does not and never exist.

10. The allegations set forth in Paragraph "10" of Plaintiff's Complaint state a description of terms that does not require a response, except that Defendant object to the use of a single term to describe the disparate, and in one case non-existent, entities so described.

11. Defendants admit only that at times potentially relevant herein Pourad held an ownership interest certain of the Corporate Defendants.

12. Defendants admit only that at times potentially relevant herein Ayzencot held an ownership interest in certain of the Corporate Defendants.

13. Defendants admit only that at times potentially relevant herein Aharon Ben Hamo held a passive ownership interest in 26 Motors and 26 Queens only, and otherwise denies the allegations set forth in Paragraph "13" of Plaintiff's Complaint.

14. Deny.

15. Defendants deny having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "15" of Plaintiff's Complaint.

16. Defendants deny having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "16" of Plaintiff's Complaint.

17. The allegations set forth in Paragraph "17" of Plaintiff's Complaint state a conclusion of law that does not require a response except that Defendants refer all matters of law to the Court.

18. The allegations set forth in Paragraph "18" of Plaintiff's Complaint state a conclusion of law that does not require a response except that Defendants refer all matters of law to the Court.

19. Defendants deny having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "19" of Plaintiff's Complaint.

20. Defendants deny having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "20" of Plaintiff's Complaint.

21. Defendants deny having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "21" of Plaintiff's Complaint.

22. Defendants deny having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "22" of Plaintiff's Complaint.

23. The allegations set forth in Paragraph "23" of Plaintiff's Complaint state a conclusion of law that does not require a response except that Defendants refer all matters of law to the Court.

24. Deny.

25. Deny.

26. Defendants admit only that Germinal Lantingua was once employed by 26 Motors but is no longer and otherwise denies the allegations set forth in Paragraph "26" of Plaintiff's Complaint.

27. Deny.

28. Deny.

29. Deny.

30. Defendants deny having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "30" of Plaintiff's Complaint.

31. The allegations set forth in Paragraph "31" of Plaintiff's Complaint state a conclusion of law that does not require a response except that Defendants refer all matters of law to the Court. To the extent a response is required, Defendants deny those allegations.

## Answering Jurisdiction and Venue

32. The allegations set forth in Paragraph "32" of Plaintiff's Complaint state a conclusion of law that does not require a response.

33. The allegations set forth in Paragraph "33" of Plaintiff's Complaint state a conclusion of law that does not require a response.

34. Defendants admit only that this Court has jurisdiction over Marchese and the jural entities identified in Plaintiff's 2d Amended Complaint collectively as "26 Motors" and otherwise denies the allegations set forth in Paragraph "34" of Plaintiff's Complaint.

35. The allegations set forth in Paragraph "35" of Plaintiff's Complaint state a conclusion of law that does not require a response, except that Defendants deny that Merritt and Lantigua currently transact business in the State of New York.

36. Defendants deny having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "27" of Plaintiff's Complaint.

37. Admit.

38. Deny.

## Answering Facts

39. Defendants deny having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "39" of Plaintiff's Complaint.

40. Defendants deny having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "40" of Plaintiff's Complaint.

41. Defendants deny having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "41" of Plaintiff's Complaint.

42. Defendants deny having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "42" of Plaintiff's Complaint.

43. Deny.

44. Deny.

45. Deny.

46. Defendants deny having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "46" of Plaintiff's Complaint.

47. Defendants deny having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "47" of Plaintiff's Complaint.

48. Deny.

49. Defendants admit only that Plaintiff was at the 26 Motors dealership then located at 3981 Boston Road, Bronx, New York, on August 25, 2021, but otherwise deny the allegations set forth in Paragraph "49" of Plaintiff's Complaint.

50. Deny.

51. Deny.

52. Deny.

53. Defendants admit only that Merritt handled the financing of the transaction with Plaintiff and otherwise deny the allegations set forth in Paragraph "53" of Plaintiff's Complaint.

54. Admit.

55. Deny.

56. Defendants admit only that Exhibit "2" to Plaintiff's Complaint appears to be a copy of a receipt issued by 26 Motors, and otherwise deny the allegations set forth in Paragraph "56" of Plaintiff's Complaint.

57. The allegations set forth in Paragraph "57" of Plaintiff's Complaint state a conclusion of law that does not require a response.

58. Deny.

59. Deny.

60. Deny.

61. Deny.

62. Deny.

63. Deny.

64. Deny.

65. Defendants deny having knowledge and information sufficient to form a belief as to Plaintiff's assumption alleged in Paragraph "65" of Plaintiff's Complaint but deny the paperwork "swap" alleged in the Complaint's subsequent Paragraphs.

66. Deny.

67. Deny.

68. Deny.

69. Defendants deny having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "69" of Plaintiff's Complaint.

70. Deny.

71. Deny.

72. Deny.

73. Defendants deny having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "73" of Plaintiff's Complaint.

74. Defendants admit only that the amount of sales tax stated on the "Retail Vehicle Invoice" is $6,261.51.

75. Defendants deny having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "75" of Plaintiff's Complaint.

76. Defendants deny having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "76" of Plaintiff's Complaint.

77. Defendants deny having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "77" of Plaintiff's Complaint.

78. Deny.

79. Deny.

80. Defendants deny having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "80" of Plaintiff's Complaint.

81. Defendants admit only that Exhibit "6" annexed to Plaintiff's Complaint appears to be a copy of a text message with the words as alleged, and otherwise deny having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "81" of Plaintiff's Complaint.

82. Deny.

83. Deny.

84. Deny.

85. Defendants deny having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "85" of Plaintiff's Complaint.

86. Defendants admit only that 26 Motors sought the best financing terms available to Plaintiff and otherwise deny the allegations set forth in Paragraph "86" of Plaintiff's Complaint.

87. Deny.

88. Deny.

89. Deny.

90. Admit.

91. Admit.

92. Admit.

93. Deny.

94. Deny.

95. Deny.

96. Deny.

97. Defendants deny having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "97" of Plaintiff's Complaint.

98. Deny.

99. Deny.

100. The allegations set forth in Paragraph "100" of Plaintiff's Complaint state a conclusion of law that does not require a response and refers all matters of law to the Court, except that Defendants deny that any one of them committed an "unlawful criminal act."

101. Paragraph "101" of Plaintiff's Complaint is a statement that does not require a response.

102. The allegations set forth in Paragraph "102" of Plaintiff's Complaint state a conclusion of law that does not require a response.

103. The allegations set forth in Paragraph "103" of Plaintiff's Complaint state a conclusion of law that does not require a response, except that Defendants deny that the Regulations cited allow Plaintiff a private right of action for any alleged violation thereunder.

104. Deny.

105. The allegations set forth in Paragraph "105" of Plaintiff's Complaint state a conclusion of law that does not require a response except that Defendants deny that the Regulations cited allow Plaintiff a private right of action for any alleged violation thereunder.

106. The allegations set forth in Paragraph "106" of Plaintiff's Complaint state a conclusion of law that does not require a response.

107. Admit only that at one time 26 Motors sold cars and arranged for financing to consumers at large, but no longer do so.

108. The allegations set forth in Paragraph "108" of Plaintiff's Complaint state a conclusion of law that does not require a response.

109. Defendants deny having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "109" of Plaintiff's Complaint.

110. The allegations set forth in Paragraph "110" of Plaintiff's Complaint state a conclusion of law that does not require a response.

111. Defendants deny having engaged in any "fraudulent-and-deceptive conduct" and deny that there exist any victims of same as alleged in Paragraph "111" of Plaintiff's Complaint.

112. Deny.

113. Defendants deny having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "113" of Plaintiff's Complaint.

114. Deny.

115. Admit.

116. The allegations set forth in Paragraph "116" of Plaintiff's Complaint state a conclusion of law that does not require a response.

117. Deny.

118. Deny.

119. Defendants deny that the brakes on the car were defective at the time of sale and otherwise deny having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "119" of Plaintiff's Complaint.

120. Defendants admit only that certain of the corporate entities identified as the "Corporate Defendants" in Plaintiff's Complaint have ceased operation or are in the process of winding down their affairs, and otherwise deny the allegations set forth in Paragraph "120" of Plaintiff's Complaint.

121. Defendants deny that there has been a transfer of assets as alleged and otherwise deny the allegations set forth in Paragraph "121" of Plaintiff's Complaint.

122. Deny.

123. Deny.

124. Deny.

125. Defendants deny that any Corporate Defendant engaged in "deceptive practices" and otherwise deny the allegations set forth in Paragraph "125" of Plaintiff's Complaint.

126. Defendants deny that any Corporate Defendant engaged in "deceptive practices" and otherwise deny the allegations set forth in Paragraph "126" of Plaintiff's Complaint.

127. Defendants deny that any Corporate Defendant engaged in "deceptive practices" and otherwise deny the allegations set forth in Paragraph "127" of Plaintiff's Complaint.

128. Defendants deny the deceptive acts and practices alleged and otherwise deny the allegations set forth in Paragraph "128" of Plaintiff's Complaint.

## **Answering Count I**

129. Defendants repeat and reallege each and every response to Paragraphs "1" through "128" of Plaintiff's Complaint with the same force and effect as though fully set forth again herein.

130. Deny.

131. Defendants deny that they were obligated to provide an adverse action notice as alleged in Paragraph "131" of Plaintiff's Complaint and otherwise deny the allegations of this Paragraph.

132. Deny.

133. Deny.

## Answering Count II

134. Defendants repeat and reallege each and every response to Paragraphs "1" through "133" of Plaintiff's Complaint with the same force and effect as though fully set forth again herein.

135. Deny.

136. Defendants deny that they were obligated to provide an adverse action notice as alleged in Paragraph "136" of Plaintiff's Complaint.

137. Deny.

## Answering Count III

138. Defendants repeat and reallege each and every response to Paragraphs "1" through "137" of Plaintiff's Complaint with the same force and effect as though fully set forth again herein.

139. The allegations set forth in Paragraph "139" of Plaintiff's Complaint state a conclusion of law that does not require a response.

140. The allegations set forth in Paragraph "140" of Plaintiff's Complaint state a conclusion of law that does not require a response.

141. The allegations set forth in Paragraph "141" of Plaintiff's Complaint state a conclusion of law that does not require a response.

142. Deny.

143. Deny.

144. The allegations set forth in Paragraph "144" of Plaintiff's Complaint state a conclusion of law that does not require a response.

145. Deny.

146. Deny.

147. Defendants deny any violations of MVRISA as alleged in Plaintiff's Complaint and accordingly deny the allegations contained in Paragraph "147" of Plaintiff's Complaint.

148. Deny.

149. Deny.

150. Deny.

### Answering Count IV

151. Defendants repeat and reallege each and every response to Paragraphs "1" through "150" of Plaintiff's Complaint with the same force and effect as though fully set forth again herein.

152. Deny.

153. Deny.

154. Deny.

155. The allegations set forth in Paragraph "155" of Plaintiff's Complaint state a conclusion of law that does not require a response.

156. Defendants deny that they engaged in any fraudulent actions and otherwise deny the allegations set forth in Paragraph "156" of Plaintiff's Complaint.

157. Defendants deny that they engaged in any fraudulent actions and otherwise deny the allegations set forth in Paragraph "157" of Plaintiff's Complaint.

158. Deny.

159. Deny.

160. Defendants deny that any representations Plaintiff relied upon in deciding to purchase the aforementioned automobile were false and otherwise deny having knowledge and information sufficient to for a belief as to the allegations set forth in Paragraph "160" of Plaintiff's Complaint.

161. Deny.

162. Deny.

## Answering Count V

163. Defendants repeat and reallege each and every response to Paragraphs "1" through "162" of Plaintiff's Complaint with the same force and effect as though fully set forth again herein.

164. Deny.

## Answering Count VI

165. Defendants repeat and reallege each and every response to Paragraphs "1" through "164" of Plaintiff's Complaint with the same force and effect as though fully set forth again herein.

166. The allegations set forth in Paragraph "166" of Plaintiff's Complaint state a conclusion of law that does not require a response.

167. The allegations set forth in Paragraph "167" of Plaintiff's Complaint state a conclusion of law that does not require a response.

168. The allegations set forth in Paragraph "168" of Plaintiff's Complaint state a conclusion of law that does not require a response.

169. The allegations set forth in Paragraph "169" of Plaintiff's Complaint state a conclusion of law that does not require a response.

170. The allegations set forth in Paragraph "170" of Plaintiff's Complaint state a conclusion of law that does not require a response.

171. Deny.

172. Deny.

173. Deny.

174. Deny.

175. Deny.

**Answering Count VII**

176. Defendants repeat and reallege each and every response to Paragraphs "1" through "175" of Plaintiff's Complaint with the same force and effect as though fully set forth again herein.

177. The allegations set forth in Paragraph "177" of Plaintiff's Complaint state a conclusion of law that does not require a response.

178. The allegations set forth in Paragraph "178" of Plaintiff's Complaint state a conclusion of law that does not require a response except that Defendants deny having committed any deceptive acts and practices.

179. The allegations set forth in Paragraph "179" of Plaintiff's Complaint state a conclusion of law that does not require a response except that Defendants deny having committed any deceptive acts and practices.

180. Deny.

181. Deny.

182. Deny.

183. Deny.

184. Deny.

185. Deny.

186. Deny.

187. Paragraph "187" of Plaintiff's Complaint is a statement of Plaintiff's claim that does not require a response except Defendants deny that Plaintiff is entitled to any damages as alleged.

188. Deny.

189. Deny.

## Answering Count VIII

190. Defendants repeat and reallege each and every response to Paragraphs "1" through "189" of Plaintiff's Complaint with the same force and effect as though fully set forth again herein.

191. The allegations set forth in Paragraph "191" of Plaintiff's Complaint state a conclusion of law that does not require a response.

192. Deny.

193. Deny.

194. Deny.

195. Deny.

196. Deny.

## Answering Count IX

197. Defendants repeat and reallege each and every response to Paragraphs "1" through "196" of Plaintiff's Complaint with the same force and effect as though fully set forth again herein

198. Deny.

199. Deny.

200. Deny.

201. Deny.

202. Deny.

203. Deny.

## Answering Plaintiff's Second Count IX

204. Defendants repeat and reallege each and every response to Paragraphs "1" through "203" of Plaintiff's Complaint with the same force and effect as though fully set forth again herein.

205. Deny.

206. Deny.

207. Deny.

208. Deny.

209. Deny.

210. Deny.

211. Deny.

## GENERAL DENIAL

212. Defendants deny each and every allegation contained in Plaintiff's Complaint that is not expressly admitted and further deny that Plaintiff is entitled to any relief or recovery whatsoever in this action.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

213. Plaintiff's Complaint fails to state a cause of action as against Defendants upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

214. Plaintiff's causes of action, particularly those related to Defendants' alleged fraud, are barred insofar as they are not pleaded with the requisite particularity.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

215. Plaintiff's causes of action are barred by the doctrines of ratification, unclean hands, and/or consent.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

216. Plaintiff's causes of action are barred by the doctrines of *res judicata*, collateral estoppel, waiver, estoppel, and/or laches.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

217. To the extent that Plaintiff suffered any damages as alleged, which Defendants deny, Plaintiff failed to mitigate his damages.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

218. Defendants hereby incorporate by reference the affirmative defenses set forth in Federal Rule of Civil Procedure 8.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

219. Plaintiff has no private right of action against Defendants under the New York Department of Motor Vehicles "Motor Vehicle Dealers and Transporters Regulations."

**AS AND FOR AN EIGTH AFFIRMATIVE DEFENSE**

220. Plaintiff's claims are barred by the Statute of Frauds.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

221. Upon information and belief, this Court lacks jurisdiction over Defendant KYLE MERRITT.

**RESERVATION OF RIGHTS**

222. Defendants expressly reserve the right to amend and/or supplement their answer, defenses, and all other pleadings. Defendants raise each and every defense (at law, in equity, or otherwise) available under any and all federal and state statutes, laws, rules, regulations, or other creations, including common law. Defendants have insufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses available to it and therefore reserves the right to assert such additional defenses based upon subsequently acquired knowledge or information that becomes available through discovery or otherwise.

**DEMAND FOR JURY TRIAL**

223. Defendants hereby demand a jury trial of this action.

**WHEREFORE,** Defendants request that this Court enter an Order denying all relief sought by Plaintiff in his Second Amended Complaint and rendering judgment in favor of Defendants dismissing Plaintiff's Second Amended Complaint in its entirety, together with the costs and disbursements of this action, including reasonable attorneys' fees, and all other costs herein, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
       August 18, 2023

                                    Yours, etc.
                                    NICHOLAS GOODMAN & ASSOCIATES, PLLC

BY: _____
        H. Nicholas Goodman
        *Attorneys for Defendants*
        **26 MOTORS CORP., KYLE MERRITT,**
        **L.J. MARCHESE CHEVROLET, INC.,**
        **MICHELLE BAILEY,**
        **26 MOTORS QUEENS INC.,**
        **26 MOTORS JAMAICA INC.,**
        **26 MOTORS LONG ISLAND LLC,**
        **MOSHE POURAD, and YOSEF AYZENCOT**
        333 Park Avenue South, Suite 3A
        New York, New York 10010
        (212) 227-9003
        ngoodman@ngoodmanlaw.com

TO:   **Via ECF**
        Brian L. Bromberg
        BROMBERG LAW OFFICE, P.C.
        *Attorney for Plaintiff*
        **GLENN C. ELFE**
        352 Rutland Road
        Brooklyn, NY 11225