**B**ROMBERG **L**AW **O**FFICE, P.C.
---
Brian L. Bromberg (Admitted in NY, NJ & CA)                          352 Rutland Road #1
                                                                      Brooklyn, NY 11225
                                                                      Phone: (212) 248-7906
                                                                      Fax:    (212) 248-7908

September 6, 2023

<u>Via ECF</u>
Honorable Jessica G. L. Clarke, U.S.D.J.
U.S. District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     <u>*Elfe v 26 Motors Corp, et al,*</u> SDNY Case No. 22-CV-9385 (JGLC)

Dear Judge Clarke:

In accordance with Rule 6G of Your Honor's Individual Practices, the parties are submitting this joint letter in connection with the above-referenced case. The Initial Pretrial Conference is scheduled for September 13, 2023, at 10:00 a.m.

**1. Contact information for all trial counsel**

For Plaintiffs:
Brian L. Bromberg                              Thomas R. Breeden
Bromberg Law Office, P.C.                      Thomas R. Breeden, PC
352 Rutland Road #1                            10326 Lomond Drive
Brooklyn, NY 11225                             Manassas, Virginia 20109
Email: brian@bromberglawoffice.com             Email: TRB@TBreedenlaw.com
Tel: (212) 248-7906                            Tel: (703) 361-9277
Fax: (212) 248-7908                            Fax: (703) 337-0441

For Defendants:

David G. Murphy
Reed Smith LLP
506 Carnegie Center, Suite 300
Princeton, NJ 08540
Email: dmurphy@reedsmith.com
Tel: (609) 514-5947
Fax: (609) 951-8024
*Co-Counsel for Defendant Wells Fargo Bank, N.A.*

H. Nicholas Goodman
Nicholas Goodman & Associates, PLLC
333 Park Avenue South, 3A
New York, N.Y. 10010
Tel: (212) 227-9003

1

Fax: (212) 937-2112
Counsel for Defendants 26 Motors Corp., Kyle Merritt, Wells Fargo Bank, N.A., L.J..Marchese Chevrolet, Inc., Michelle Bailey, 26 Motors Queens, Inc., 26 Motors Jamaica, Inc., 26 Motors Long Island, LLC, Moshe Pourad and Yosef Ayzencot

2. **Status of service of the Summons and Complaint on the Defendants**

Plaintiff's position:
All Defendants have been served with Summons for the Amended Complaint, and their answers are all due or overdue.  Defendants Carlos Germinal Lantigua and Aharon Benhamo have not responded, and Plaintiff is filing for a Clerk's Default.

Defendants' position:
Defendant Wells Fargo filed its answer on February 14, 2023 (see *DE 39*).

26 Motors of Franklin Square, LLC, a name appearing in the caption, does not and never did exist.

Aharon Ben Hamo and Germinal Lantigua have not been served with process and filing for a "Clerk's Default" followed by motion practice would be frivolous.

All other Defendants have answered.

3. **Statement of whether the Court can dispense with the initial conference**

   The parties have consulted and the parties believe that an initial conference should be held.

4. **Brief description of the case**

Plaintiffs' claims: Plaintiff saw a vehicle advertised online by 26 Motors.  The sale price advertised was $72,600.  Plaintiff called 26 Motors and verified that the vehicle was still available, and that the price was as advertised at $72,600.  After 26 Motors confirmed, Plaintiff went to 26 Motors' Bronx dealership and purchased the car.  26 Motors presented Plaintiff with transaction documents, including a Buyer's Order, loan documents, and other incidents of sale, all indicating that the sale price was $72,600.  Plaintiff signed these documents and was walking out the door when Defendant Lantigua – a manager at 26 Motors – stopped him and told him that there was a problem, he had to come back in. Mr. Lantigua took the folder with the sales paperwork from Plaintiff, and went into a back room.  About half an hour later, Mr. Lantigua came back in, handed the same folder back to Plaintiff and told him all was in order, he could go.  Unknown to Plaintiff, during this time., Mr. Lantigua had serendipitously swapped the paperwork signed by Plaintiff with forged documents which increased the sales price to $90,695.  It also changed the selling dealer to Defendant Marchese.  Marchese and/or 26 Motors then assigned the loan document to Wells Fargo.  Although the Defendants altered the purchase documents, they left a smoking gun – they forgot to change the sales tax to coincide with their price increase.  When Plaintiff discovered the fraud, he called 26 Motors, and Defendant Merritt admitted that the dealership did not intend to sell the car for the price advertised and agreed

upon, and that they increased the price of the car based on Plaintiff's credit score. The Defendants did not give Plaintiff any adverse action notices related to the $72,600 financing, and instead just secretly increased the amount financed based on the Plaintiff's credit.

Compounding the issue, 26 Motors and Marchese created a scheme wherein they allowed 26 Motors to use Marchese's name and sell cars in Marchese's name. They did this by illegally keeping an open title so that 26 Motors would not appear in the title history of the vehicle.

Since being alerted to this litigation, and other litigation they are facing, it appears that 26 Motors has started to shift its assets to other corporate shells.

In addition to the above, the Defendants slapped a false motor vehicle safety inspection sticker on the vehicle. The brakes were not in a condition capable of passing a safety inspection, and the vehicle was thus not safe to drive. While this is not as flagrantly deceptive as the advertising bait and switch, the consequences were potentially significantly more severe.

Plaintiffs allege that Defendants' actions violate the Fair Credit Reporting Act, 15 USC §1681(m) through 1681 (o); the Equal Credit Opportunity Act, 15 U.S.C. §1691(d) and 1691e; the MVRISA, NY Pes. Prop Law §301-16; N.Y. General Business Law § 349 and 350; the Magnuson Moss Warranty Act, 15 U.S.C. §2301, et seq; common law fraud; aiding and abetting; civil conspiracy; violations of the N.Y. Debtor-Creditor Law §§273 through 276; and also provide grounds for declaratory relief and piercing the corporate veil. Wells Fargo is liable both as assignee of the loan documents under the FTC abolition of the holder in due course rule, and in their own right – any proper safeguards would have revealed that the sales price did not match up with the sales tax, and should have red flagged the transaction for further investigation.

Defendants' defenses:

With respect to Wells Fargo, its purported liability according to Plaintiff is vastly overstated, even when viewed against the allegations in the Second Amended Complaint. Nowhere does Plaintiff plead that Wells Fargo is liable "in [its] own right," and Plaintiff's reference to "proper safeguards" that "would have revealed that the sales price did not match up with the sales tax" falls short of any factual or legal basis for a direct claim against Wells Fargo. To the extent Plaintiff can prove any of his claims against the dealership defendants, Wells Fargo's liability is capped under applicable New York and federal regulations. Contrary to Plaintiff's bald assertions, he is not entitled to a free Porsche or any of the other overreaching remedies that he seeks.

With respect to other Defendants, Plaintiff's amended pleading blindly followed the caption of a complaint in a now resolved and wholly inapplicable FLSA case, a copy of which Plaintiff's counsel herein attached as Exhibit "1" to his Second Amended Complaint. Counsel's thoughtless copying resulted in Plaintiff needlessly – and frivolously -- naming Defendants with no actionable connection to the facts and circumstances of this case whatsoever, including:

- Defendant 26 Motors Queens, Inc. ceased all operations on March 31, 2023, is winding down its affairs toward dissolution and has no assets. Until March 2023, that entity occupied premises

distinct and apart from the location at which Plaintiff alleges he purchased the vehicle in question. That entity's former employees and principals had absolutely no involvement in the transaction at issue;

- 26 Motors Jamaica, Inc. is an inactive "shelf corporation" that never conducted business at any address, never had employees, has and never had assets and obviously had no involvement whatsoever in the transaction at issue;

- Defendant 26 Motors Long Island, LLC is an inactive "shelf corporation" that never conducted business at any address, never had employees, has and never had assets, and obviously had no involvement whatsoever in the transaction at issue;

- As stated, 26 Motors of Franklin Square LLC d/b/a 26 Motors, does not and never did exist;

- Defendants Pourad and Ayzencot did not participate in, nor were they aware of, the transaction at issue herein until they were named as Defendants herein;

- To keep this case description as brief as possible, the remaining answering Defendants vehemently deny the vastly overblown allegations contained in Plaintiff's Second Amended Complaint and, if the parties cannot reach an amicable resolution, look forward to impeaching Plaintiff's highly dubious credibility. Further, in the unlikely event that Plaintiff obtains a liability verdict against one or more Defendant, Plaintiff cannot hope to "pierce the corporate veil" to reach the personal assets of any individual Defendant. Further, the allegation that Defendants are "shifting assets" to "corporate shells" has no basis in fact and is as uninformed as the bulk of Plaintiff's other allegations.

5. **Brief statement of subject-matter jurisdiction**

Plaintiffs' position: This Court has subject-matter jurisdiction, because Plaintiffs have sued under the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq and the Equal Credit Opportunity Act, 15 U.S.C. §1691, et seq. Therefore, this Court has jurisdiction over Plaintiff's claims under 15 U.S.C. § 1681n, 15 U.S.C. §1681o, 15 U.S.C. §1691e, 15 U.S.C. § 1679g, and 28 U.S.C. § 1331. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202. This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367.

Furthermore, Plaintiffs have brought a case and controversy under Article III before this Court. That is, Plaintiffs have suffered a concrete and particularized injury, because he has been fraudulently saddled with a car loan that is nearly 125% of what he agreed to, and had to repair a potentially deadly safety issue with the vehicle that was sold to him.

Defendants' position:

All answering Defendants agree that this Court has subject matter jurisdiction, but they substantively disagree with Plaintiff's remaining statements about Plaintiff's alleged injury.

6. **A statement of all existing deadlines, due dates and/or cut off dates:**

There are no pending deadlines, due dates and/or cut off dates.

### 7. Any Outstanding motions

Plaintiff is filing a Motion for a Clerk's Default as to Defendants Carlos Germinal Lantigua and Aharon Benhamo, and will promptly file a motion for the Court to ratify that clerk's default.

As stated, Defendants Germinal Lantigua and Aharon Ben Hamo have not been served and will oppose any motion alleging otherwise.

### 8. Discovery

The parties have not exchanged discovery as of yet. The parties will have to exchange in discovery in order to have meaningful settlement discussions.

Defendants do not agree that it will be necessary for the parties to exchange discovery in order to engage in meaningful settlement discussions.

### 9. Settlement history

The parties have engaged in informal settlement discussions, but remain far apart.

Defendants served Plaintiff with an Offer of Judgment on 8/25/2023. To date, Plaintiff has not accepted that Offer and it will be deemed rejected as of 9/8/2023 should Plaintiff fail to accept it.

### 10. Trial

This case is to be tried with a jury and the anticipated trial length is 3-5 days.

### 11. Magistrate Judge

The parties have not consented to trial of the case by a magistrate judge.

Respectfully,

/s/ *Brian L. Bromberg*
Brian L. Bromberg
Bromberg Law Office, P.C.
*Attorneys for Plaintiff*

/s/ *H. Nicholas Goodman*
H. Nicholas Goodman
Nicholas Goodman & Associates

/s/ *David G. Murphy*
Reed Smith LLP
*Attorneys for Defendants*